UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN WINCH,

    Plaintiff,

v.                                                    Case No. 3:22-cv-215-BJD-JBT

CENTURION OF FLORIDA, LLC, et al.,

    Defendants.
_____

## ORDER

    Plaintiff, proceeding pro se and in forma pauperis (Doc. 6), initiated this action on February 25, 2022, by filing a Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1; Compl.). Plaintiff subsequently filed an Amended Complaint (Doc. 2; Am. Compl.), which is before the Court for screening.

    Plaintiff is an inmate of the Florida penal system, who alleges medical providers at both Putnam Correctional Institution and the Reception and Medical Center (RMC) have ineffectively or improperly treated a skin condition that causes "intense itching, rash-like bumps, excoriated lesions, painful skin infections," and other issues. Am. Compl. at 4-5, 16, 27-30. He alleges that, after five years of complaining and seeing medical professionals, his "chronic and unstable serious skin disease is still inaccurately diagnosed and inadequately medicated." Id. at 14. Plaintiff names the following Defendants: Centurion of Florida, LLC; Jackie Westfall, Medical Director/Physician; Max Solano, Medical Director/Dermatologist; Loretta Dawson, Advanced Registered Nurse Practitioner; Jane Doe #1, Registered Nurse; Jane Doe #2, Registered Nurse; and Anand

A. Gupta, Medical Doctor/Surgeon. Id. at 2-3, 12. As relief, Plaintiff seeks monetary damages, a declaration that his rights have been violated, and an injunction ordering Centurion to provide him with proper medical care. Id. at 47-48.

Upon review of the Amended Complaint, the Court opines that Plaintiff has failed to set forth his claims sufficiently. Thus, the Court will direct him to file a second amended complaint in compliance with federal pleading standards, as set forth below.

The Federal Rules of Civil Procedure require a plaintiff to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). All averments of the claim should be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To survive dismissal, a complaint must allege facts that, accepted as true, state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." Id. Though a plaintiff is not required to provide "detailed factual allegations," he must offer more than "naked assertion[s] devoid of further factual enhancement." Id. (internal quotation marks omitted).

Plaintiff's Amended Complaint is deficient because the allegations are not short and plain but rather include unnecessary and extraneous information, and the complaint is replete with vague, conclusory statements. In this regard, the Amended Complaint constitutes a "shotgun pleading." A "shotgun pleading" is one that fails to give the named defendants "adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Bch. Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). Plaintiff generally asserts that Defendants violated the Eighth Amendment,

see Am. Compl. at 3, but he does not plainly allege what facts are intended to support the separate claims against each Defendant. Plaintiff's Amended Complaint would require the Court to expend scarce judicial resources to sift through the one hundred forty-four paragraphs of allegations to separate potentially plausible claims from frivolous ones. See Barmapov v. Amuial, 986 F.3d 1321, 1328 (11th Cir. 2021) (Tjoflat, J., concurring) ("[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff.").

If Plaintiff chooses to amend his complaint, he should adhere to the following instructions.

1. The amended complaint must be marked, "Second Amended Complaint."

2. The second amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

3. The second amended complaint must state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The second amended complaint (or a separate filing) must include current addresses for each defendant.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[1]

7. In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured Plaintiff.

---

[1] Plaintiff may attach additional pages if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

8. In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action.[2]

Plaintiff also should keep in mind the following legal principles. First, "fictitious-party pleading is not permitted in federal court" unless the plaintiff describes a "John Doe" individual with such particularity that he or she can be identified and served. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). Second, liability under § 1983 may not be premised on a theory of vicarious liability. To proceed against a supervisor or municipality, a plaintiff must identify a policy or custom that was the moving force behind a constitutional violation. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999); Craig v. Floyd Cnty., 643 F.3d 1306, 1310 (11th Cir. 2011). Mere conclusory allegations of a policy or custom will not suffice. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Third, a prison official's failure to follow state law or internal prison regulations does not give rise to a federal constitutional claim under § 1983. Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000). To state a claim under § 1983, a plaintiff must allege the conduct complained of was committed by a person acting under color of state law, and the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Fourth, to state a deliberate indifference claim, a plaintiff must allege he had a serious medical need of which defendants were aware. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). A plaintiff also must "allege that the prison official, at a minimum,

---

[2] Plaintiff is advised that "[t]he [Prison Litigation Reform Act (PLRA)] places substantial restrictions on the judicial relief that prisoners can seek . . . ." Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting Al-Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011)).

4

acted with a state of mind that constituted deliberate indifference" to that serious medical need. Richardson, 598 F.3d at 737. When prison physicians provide medical care for prisoners, "federal courts are generally reluctant to second guess [their] medical judgments." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985). As such, allegations of medical negligence do not satisfy the stringent deliberate indifference standard. Estelle v. Gamble, 429 U.S. 97, 106 (1976). "Medical treatment violates the [E]ighth [A]mendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). A plaintiff must do more than allege the care provided was "subpar or different from what the inmate want[ed]." Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1266 (11th Cir. 2020). This is so because "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [fails to] support a claim of cruel and unusual punishment." Id. (alteration in original).

Finally, an amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, Plaintiff's second amended complaint must be complete, including all related claims he wishes to raise, and must not refer to his original or amended complaints.

Plaintiff must sign and date the second amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or

5

>needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the second amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

Accordingly, it is now

**ORDERED:**

1. The **Clerk** shall send Plaintiff a Civil Rights Complaint form.

2. By **June 10, 2022**, Plaintiff must mail a second amended complaint to the Court for filing. The second amended complaint should comply with the instructions on the form and those provided in this order.

3. Also by **June 10, 2022**, Plaintiff must mail to the Court one copy of the second amended complaint (including exhibits)[3] for each named defendant.

4. Plaintiff's failure to comply with this order may result in the dismissal of this case.

---

[3] Plaintiff may, but does not have to, include exhibits, such as grievances or medical records. Plaintiff must individually number each exhibit in the lower right-hand corner of each exhibit. If his first exhibit has multiple pages, he should number the pages 1-A, 1-B, 1-C, etc.

6

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of May 2022.

_/s/ Joel B. Toomey_
JOEL B. TOOMEY
United States Magistrate Judge

Jax-6
c:
Steven Winch